In the Matter of the Estate of TIMOTHY W. KELLY, Deceased.

Surrogate's Court, Kings County, February 13, 1931.

*Dunn & Stiles,* for the petitioner.

*Charles H. Kean,* for the executor, respondent.

WINGATE, S. This petition is for a compulsory accounting of an executor to whom letters testamentary were issued by this court on June 28, 1929. Citation was duly served upon the respondent on December 6, 1930, and was returnable in this court on December 18, 1930, approximately eighteen months after the issuance of such letters.

Respondent has filed an extremely prolix and unnecessarily verbose answer dated January 21, 1931, which, in so far as it raises questions of any materiality whatsoever, amounts in substance to the contention that the extra legal requirements of title companies and the demands of aliens are entitled to consideration

from him superior to that which should be accorded to the statutes of this State and the decree of courts having jurisdiction over him and the estate. This court is at the moment not prepared to validate this proposition.

The facts pertinent to the case need not be reviewed at length at this time, since they are fully set forth in the former opinion of this court (which is reported at 134 Misc. 399). Suffice it to say that after long delay to which this respondent may or may not have contributed, this court granted independent probate of the will of this decedent in this jurisdiction and awarded letters testamentary to this respondent. The question of such previous delay is immaterial to any issue here presented, the sole question being whether the executor thus appointed should or should not comply with the provisions of section 258 of the Surrogate's Court Act requiring him on the petition of any interested party to file his account within one year after the grant of letters.

When analyzed in detail the answer of the respondent bases his defense against the present proceeding on nine different grounds which will be reviewed in some detail.

He first contends that section 258 of the Surrogate's Court Act does not apply to a case like the present. No authority is cited for this position and none can be found. This executor is an executor in chief so far as this jurisdiction is concerned, and his rights and obligations are precisely those of any other executor appointed by this court, and he is bound to comply with the enactment in question.

An excuse presented for the delay which has occurred is that an appeal was taken from the judgment of this court awarding him such letters, and that the time in which such appeal was pending prior to its final dismissal should not be counted against him. This is indeed a novel doctrine amounting in effect to the statement that the valid decrees of a court are, without more, suspended by the expressed dissatisfaction of a party to the proceeding. There is absolutely no reason why this executor should not have proceeded with the administration of the estate immediately after the issuance of his letters testamentary; indeed, that was his legal obligation, and the fact that he did not do so is inexcusable neglect on his part.

It may well be that the Irish portion of this estate which is being separately administered offers problems of difficulty. These have nothing whatsoever to do with the administration of the assets here located, in view of the fact that the two probates and administrations are separate and distinct and both are administrations in chief.

The respondent lays great stress on the delay of approximately two years in the application for probate of the will and issuance of letters testamentary in this jurisdiction, explaining at great length that this was not due to his fault. As will appear from the former opinion in this case, the court is fully advised of the facts respecting this transaction which has no bearing upon the present application whatsoever, since the delay of which petitioner here complains and has a right to complain is the neglect of the representative to settle the estate for approximately eighteen months after such letters were actually issued.

The fact that certain legatees are said to have advised this executor that he would make any payments at his own risk is immaterial to the point of being ridiculous. Obviously every fiduciary makes payments at his own risk in so far as they are not decreed by a court of competent jurisdiction; but in so far as they are thus made he assumes and incurs no risk.

An additional excuse presented is the alleged fact that a certain title company refused to certify to the marketability of a title to be conveyed to real estate unless the conveyance was executed not only by the executor appointed by the courts of this State but by the alien executor in Ireland, who has never been recognized in this State and has absolutely no powers in connection therewith. Such requirement, if made, was entirely extra legal, and the addition of the signature of such individual to the deed would be merely surplusage to be disregarded. This court cannot recognize in an action such as is here presented the power or authority of a title company to set aside statutes of the State of New York or the decrees of this court.

A further alleged cause for delay was to enable the Irish courts to construe the will of the testator herein in respect to the proper devolution of the estate. Any construction arrived at by the Irish courts concerning property in this jurisdiction would not only not be binding on this court, but would not even be interesting or relevant were the same questions here presented, and the same applies to any determination by such foreign court on the rights of the legatees under the will in the property here located. These and all similar questions may be raised upon the accounting herein and will then be authoritatively determined.

The final excuse presented relates to the filing of an alleged violation against one of the buildings owned by the decedent in this jurisdiction and to a discovery of an alleged seller of illicit alcoholic beverages on another. It is not demonstrated that either of these circumstances should have or actually did materially impede the settlement of the estate.

Since, therefore, there is nothing presented by the answer herein which furnishes an adequate excuse for the delay of the executor in settling his accounts, a decree may enter directing him to file and settle the same within ninety days after service upon him of a certified copy of the decree to be entered hereon.

Proceed accordingly.